IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANKIT ANKIT, | § | |
| | § | |
|   Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-509-KC |
| | § | |
| WARDEN, EL PASO SERVICE PROCESSING CENTER, et al., | § § § | |
| | § | |
|   Respondents. | § | |

## <u>SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT</u>

On this day, the Court considered Ankit Ankit's Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for a Temporary Restraining Order ("Motion"), ECF No. 2. Ankit is detained at the El Paso Service Processing Center in El Paso, Texas. Pet. 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 9–10.

Ankit entered the country in February 2023, was placed in removal proceedings, and released on his own recognizance. *Id.* at 4. On February 5, 2026, Ankit was arrested by immigration authorities while stopping at a U.S. Border Patrol checkpoint and re-detained. *Id.* As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. Sept. 22, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Ankit's case warrant a different outcome.

Ankit separately seeks a Temporary Restraining Order for his immediate release. Mot. 2, 9–10. However, at this juncture, all the Court can do is to preserve the status quo, which is that Ankit is detained in El Paso, Texas. *See* Pet. at 1. And, even crediting Ankit's likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than March 2, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, that Ankit's Motion, ECF No. 2, is **DENIED**, but the Court **ORDERS**, under its inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Ankit from the United States, or (2) transfer Ankit to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

    **SO ORDERED**.

    **SIGNED this 23rd day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE